IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF TENNESSEE
WESTERN DIVISION

---

CHARLESTON SHIPP

PLAINTIFF

vs.                                    NO: _____

VISIONS SPORTS BAR & GRILL, INC.,
MARIA LOPEZ, MIKE FURFIK,
THE CITY OF MEMPHIS, TENNESSEE,
JIMMY HUDSON, ALKI KING,
NOEL JACKSON, and JULIAN

DEFENDANTS

---

## COMPLAINT FOR DAMAGES
## JURY DEMANDED

---

**COMES NOW THE PLAINTIFF, CHARLESTON SHIPP**, by and through the undersigned counsel files this his Complaint for damages pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1961-1964[1], *et seq.* ("RICO"), Governmental Tort Liability Act, Tenn. Code. Ann § 29-20-101, *et seq.* ("GTLA"), common-law negligence, and assault against Visions Bar and Grill, Inc. Maria Lopez, Mike Murfik, the City of Memphis, Tennessee, Jimmy Hudson, Alki King, Noel Jackson, and Julian, and in support thereof states as follows:

---

[1] This Court has subject matter jurisdiction pursuant to 28 USC § 1331 (Federal Question) and venue is proper in this district as the Defendants all reside or are deemed to reside in this district pursuant to 28 USC

1. The Plaintiff, Charleston Shipp is an adult resident citizen of Tennessee.

2. The Defendant, Visions Sports Bar and Grill, Inc. ("Visions") is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 3684 Ridgeway Memphis, Tennessee 38115. Visions may be served with process by service by certified mail to an officer, director, or managing agent at its principal place of business or any other method authorized by Rule 4 of the Federal Rules of Civil Procedure. Visions is vicariously liable for the actions or omissions of the its security detail, Maria Lopez, and Mike Murfik while in the course and scope of their employment or agency via the doctrine of *respondeat superior*, actual or apparent agent-principal, and employee-employer.

3. The Defendant, Maria Lopez is an adult resident citizen of Memphis, Shelby County, Tennessee who may be served with process at her business address of 3684 Ridgeway Memphis, Tennessee 38115 or her residence address of 4389 Whispering Bend Memphis, Tennessee 38125.

4. The Defendant, Mike Murfik is an adult resident citizen of Memphis, Shelby County, Tennessee who may be served with process at his business address of 3684 Ridgeway Memphis, Tennessee 38115 or his residence address of 4389 Whispering Bend Memphis, Tennessee 38125. Murfik and Lopez are believed to be the shareholders and owners of Visions.

---

§ 1391.

(Murfik and Lopez collectively referred to as "Owner or Owners").

5. The Defendant, City of Memphis, Tennessee ("Memphis") is a municipal corporation organized and existing under the laws of the State of Tennessee with it principal place of business at 125 North Main Street Memphis, Tennessee 38103. Memphis may be served with process by service on its City Attorney Herman Morris (Room 336) at its principal place of business or by any other method authorized by the Rule 4 of the Federal Rules of Civil Procedure. Memphis is vicariously liable for the actions or omissions of Officers Christopher Crawford, Michael Young and Lieutenant Timothy Green while in the course and scope of their employment or agency via the doctrine of *respondeat superior*, actual or apparent agent-principal, and employee-employer pursuant to the GTLA. Memphis is directly liable for negligently failing to hire, retain, supervise, or retain Crawford, Young, or Green pursuant to the GTLA.

6. The Defendant, Jimmy Hudson is an adult resident citizen of the Shelby County, Tennessee and may be served with process at his residence address.

7. The Defendant, Alki King, is an adult resident citizen of the Shelby County, Tennessee and may be served with process at his residence address.

8. The Defendant, Noel Jackson is an adult resident citizen of the Shelby County, Tennessee and may be served with process at his residence

address.

9. The Defendant, Julian (last name unknown) is an adult resident citizen of Shelby County, Tennessee and may be served with process at his residence address. (The Defendants Hudson, King, Jackson, and Julian collectively referred to hereinafter as "Perpetrators")

*RICO Claim*

10. On or about October 2, 2009, Officer Christopher Crawford and Officer Michael Young of the City of Memphis, Police department were present at a briefing wherein they learned that the Memphis Police Department's Organized Crime Unit would conduct undercover operations at Visions during that weekend.

11. On or about October 3, 2009, Crawford alerted agents of Visions of the Organized Crime Unit's intentions. Crawford received a cash payments from agents of Visions in exchange for this information while he was on duty and in uniform on the premises of Visions that same day. This conduct violated 18 USC § 1951(a).

12. On or about October 3, 2009, Young alerted agents of Visions of the Organized Crime Unit's intentions. On October 4, 2009, Young also received a cash payments from agents of Visions in exchange for this information while he was on duty and in uniform on the premises of Visions. This conduct violated 18 USC § 1951(a).

13. On or about October 19, 2009, Lieutenant Timothy Green while

4

in uniform and on duty approached the Owner or Owners and other agents about thwarting the Police Department's plans to shut Visions down. Green received a cash payment from Owner or Owners in exchange to entering into this conspiracy with Owner. Lieutenant Green was the midnight shift supervisor over the station that covers Visions and in charge of a special detail formed to gather evidence to shut Visions down. This conduct violated 18 USC § 1951(a) and constituted a conspiracy between the Owner and Green in violation of 18 USC § 1962(d).

14. On or about January 10, 2010, and in furtherance of the conspiracy to violate §1951(a), Owner or Owners and Green meet in office Visions and Green offered to provide the "right guys" at Visions that weekend and demanded that the Owner or Owners ceasing paying Crawford and Young and paid him. Green was on duty and in uniform.

15. On or about January 11, 2010, and in furtherance of the conspiracy to violate §1951(a), Owner or Owners paid Green cash payments on the premises of Visions in satisfaction of Green's offer and demand's of January 10, 2010. This conduct violated 18 USC § 1951(a) and 18 USC § 1962.

*RICO Enterprise*

16. The RICO Enterprise is an association-in-fact enterprise composed of Visions, Timothy Green, Christoper Crawford, Michael Young, Maria Lopez, Mike Murfik, ("collectively RICO operators), and Interbay Funding, LLC, 1301 Virginia Drive Ste 403 Fort Washington, PA 19034,

Bayview Loan Servicing LLC, 4425 Ponce De Leon Blvd 5th Florida Coral Gables, Florida 33146 (Owner's Lenders and on information and belief banks), First Tennessee, 165 Madison Avenue Memphis, Tennessee 38103 (on information and belief Memphis' bank), and their other banks, accountants, and attorneys. The RICO operators direct and control the RICO Enterprise. The RICO operators have conducted a pattern of racketeering activity over the course of this matter as discussed in the foregoing paragraphs.

17. The actions of the RICO Operators described above were direct Proximate cause of damages to the Plaintiff's property in the form of cover charges and expenses.

*Negligence & Assault Claims*

18. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein. Prior to January 16, 2010, law enforcement including City of Memphis Police were called to Visions for shootings, stabbings, fights, and drug activity on many occasions.

19. On or about January 16, 2010, the Perpetrators stabbed Plaintiff on the premises of Visions. The security detail while in the course and scope of their employment or agency with Visions were on actual or constructive notice of prior altercations between the Perpetrators and Plaintiff and his companions on previous weekends and twice that night and negligently failed to remove the Perpetrators from the premises prior to Perpetrators stabbing Plaintiff. The security detail's failure to remove the Perpetrators from the premises prior

to the altercation escalating into the Perpetrators stabbing Plaintiff constituted negligence and a proximate cause of the Plaintiff's injuries and damages. Visions is vicariously liable for the security details negligence in failing to remove either Perpetrators or Plaintiff and his companions from the premises. Defendants, Visions, Lopez, and Murfik are directly negligent in hiring, retaining, and retaining the security detail. The Perpetrators actions in stabbing Plaintiff constitute assault and battery against the Plaintiff.

*Piercinig the Corporate Veil*

20. Plaintiff incorporates the allegations of the foregoing paragraphs as if fully set forth herein. At all material times, Owner or Owners utilized Visions as a subterfuge to violate § 1951(a) and in furtherance of a conspiracy to violate § 1951(a). At all material times, Owner or Owners used Visions as a instrumentality or business conduit for themselves and did not maintain an arms length relationship between themselves and Vision. In the event Visions proves to be undercapitalized, then Defendants Lopez and Murfik should be held individually liable for the liabilities of Visions.

*GTLA Claims*

21. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein. The actions or omissions of Green, Young, and Crawford, all occurred while they were in the course and scope of their employment with Memphis. Memphis was negligent in training, hiring, retaining, and supervising Green, Young, and Crawford. Memphis' negligence was a proximate cause of the

injuries and damages to Plaintiff.

22. As direct and proximate result of the Defendants liability including assault, negligence, *RICO* liability, and GTLA liability, Plaintiff has incurred past and future medical bills, past and future pain and suffering, past lost of wages, loss of future earning capacity, scarring, mental anguish, loss of enjoyment of life, loss of cover charges and other expenses, attorney fees, and all other damages to his person and property contemplated by the jury.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, respectfully requests that the Court render judgment in favor of the Plaintiff, Charleston Shipp jointly and severally against Defendants Visions Bar & Grill, Inc., the City of Memphis, Jimmy Hudson, Alki King, Noel Jackson, and Julian in the amount of TWO MILLION DOLLARS ($2,000,000.00) to be determined by a jury of his peers to include compensatory damages, and attorney fees and expenses, treble damages, and punitive damages and costs pursuant to 18 USC § 1964.

Respectfully submitted,

/s/DRAYTON D. BERKLEY
**DRAYTON D. BERKLEY, ESQ. (022601)**
The Businessmen's Club
81 Monroe Avenue, Suite 400
Memphis, Tennessee 38103
Telephone: 901-507-2521
Facsimile: 901-507-1791
e-mail: dberkleylaw@msn.com

And

**PRECIOUS MOORE COLEMAN (022943)**
100 North Main Street, Ste 2601
Memphis, Tennessee 38103

Telephone: 901-544-8090
Facsimile: 901-575-8717
e-mail:attorneyprecious@yahoo.com