UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLESTON SHIPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-cv-02598-STA-dkv |
| | ) | |
| VISIONS SPORTS BAR & GRILL, INC., | ) | |
| MARIA LOPEZ, MIKE FURFIK, | ) | |
| THE CITY OF MEMPHIS, JIMMY HUDSON, | ) | |
| ALKI KING, NOEL JACKSON, and JULIAN, | ) | |
| | ) | |
| Defendants | ) | |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant City of Memphis' Motion to Dismiss (D.E. # 12), filed on September 10, 2010.  Plaintiff Charleston Shipp filed a response in opposition on October 11, 2010.  (D.E. # 13.)  For the reasons set forth below, Defendant's Motion is **GRANTED**.

### BACKGROUND

On August 16, 2010, Plaintiff Charleston Shipp ("Plaintiff") filed a Complaint for Damages against the Defendant City of Memphis ("City") among others.  In the Complaint, Plaintiff asserts that the City is

> vicariously liable for the actions or omissions of Officers Christopher Crawford, Michael Young and Lieutenant Timothy Green while in the course and scope of their employment or agency via the doctrine of *respondeat superior*, actual or apparent agent-principal and employee- employer pursuant to the [Governmental Tort Liability Act ("GTLA")]. [The City] is directly liable for negligently failing to hire, retain, supervise, or retain [sic] Crawford, Young, or Green pursuant to the GTLA.

Compl. ¶ 5.

On September 10, 2010, the City filed a Motion to Dismiss. The City's Motion asserts that pursuant to Federal Rule of Civil Procedure 12(b)(6), this Complaint should be dismissed.[1] The City argues that this Court should decline to accept jurisdiction on the state court claims. In fact, the City notes that the Tennessee Legislature's clear preference is for GTLA claims to be handled by its own state courts and that this is an exceptional circumstance for declining jurisdiction. Additionally, the City asserts that even if the Court finds that it should exercise supplemental jurisdiction over Plaintiff's state court claims under the GTLA, Plaintiff has not stated a basis for relief. Consequently, the City argues that this Complaint should be dismissed against the City.

Plaintiff responded in opposition stating that he "urges the Court to deny the Motion to Dismiss." Plaintiff argues that the allegations "of the First Amended Complaint establish a plausible basis for recovery."[2] Additionally, Plaintiff states that the City is not entitled to immunity as a matter of well-settled Tennessee law. Moreover, Plaintiff asserts that a jury must determine the City's GTLA liability for the Plaintiff's property damages. And, lastly, the Plaintiff states the Court should retain supplemental jurisdiction over the Plaintiff's GTLA claims. To this argument, Plaintiff simply notes that the City "has not provided any 'compelling reason' for the Court to decline to exercise supplemental jurisdiction of the Plaintiff's claims." Pl.'s Resp. to Def.'s Mot. to Dismiss, 4.

---

[1] The City first states that the Complaint fails to state a claim pursuant to 18 U.S.C. § 1961 et seq. ("RICO"). However, Plaintiff, in his Response, states that he has not asserted any RICO liability claims against the City. Thus, the Court will not discuss the Defendant's RICO argument.

[2] The Court assumes Plaintiff is referring to the Complaint at Docket Entry # 1 as there is no "First Amended Complaint" on the record.

## ANALYSIS

Plaintiff has alleged a cause of action against the City sounding in tort under the GTLA. State law claims against governmental entities are governed by the GTLA.[3] Ordinarily, state law claims might give this Court supplemental jurisdiction because they arise out of the same facts and form part of the same case or controversy.[4] However, GTLA claims must be brought in "strict compliance" with the terms of the state statute.[5] The GTLA confers on the state circuit courts exclusive original jurisdiction over claims brought pursuant to its provisions.[6]

A federal district court may, in its discretion, decline supplemental jurisdiction over a state law claim, even if jurisdiction would otherwise be proper under § 1367(a). Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[7] The Sixth Circuit has affirmed the dismissal of GTLA claims, stating that "the Tennessee legislature expressed a clear preference that []GTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction."[8] Therefore, this Court declines to accept jurisdiction over Plaintiff's claims brought pursuant to the GTLA in accordance with 28 U.S.C. §

---

[3] *See* Tenn.Code Ann. § 29-20-101, *et seq*.

[4] *See* 28 U.S.C. § 1367(a).

[5] Tenn.Code Ann. § 29-20-201(c).

[6] Tenn.Code Ann. § 29-20-307.

[7] 28 U.S.C. § 1367(c)(4).

[8] *Gregory v. Shelby Cnty., Tenn*, 220 F.3d 433, 446 (6th Cir. 2000). *See also Maxwell v. Conn*, 893 F.2d 1335 (6th Cir. 1990) (stating that the GTLA's grant of exclusive jurisdiction to the state courts "belie[d]" plaintiff's argument that he could expect to try the GTLA claims in the same proceeding as his federal claims)).

1367(c)(4).[9]  Because the Court declines to accept jurisdiction over these state claims, they are dismissed without prejudice.  Consequently, as these state claims are the only claims alleged against the City, the Court finds that the City should be dismissed from this matter.

## CONCLUSION

For the reasons set forth above, the City of Memphis' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

                                            Date: March 2, 2011.

---

[9] *See Conner v. City of Jackson, Tenn.*, 669 F. Supp. 2d 886, 892-93 (W.D. Tenn. 2009).