**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | |
|---|---|
| **CHARLESTON SHIPP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 10-2598-STA-dkv** |
| ) | |
| **VISIONS SPORTS BAR & GRILL,** ) | |
| **INC.; MARIA LOPEZ; MIKE MURFIK;** ) | |
| **THE CITY OF MEMPHIS,** ) | |
| **TENNESSEE; JIMMY HUDSON; ALKI** ) | |
| **KING; NOEL JACKSON; and JULIAN,** ) | |
| ) | |
| **Defendants.** ) | |

---

**ORDER DENYING DEFENDANT MIKE MURFIK'S FIRST MOTION TO SET ASIDE
DEFAULT JUDGMENT**

---

Before the Court is Defendant Mike Murfik's ("Defendant") First Motion to Set Aside the Default Judgment (D.E. # 47), filed on November 17, 2011. Plaintiff filed a Response to Defendant's Motion to Set Aside Default Judgment (D.E. # 48) on November 22, 2011. For the following reasons, Defendant's Motion is **DENIED**.

**BACKGROUND**

On August 16, 2010, Plaintiff filed his complaint against Defendant and several other defendants alleging that Defendant, as owner and shareholder of Visions Sports Bar & Grill ("Visions"), was liable for damages arising from stab wounds Plaintiff suffered at Visions. (Compl. ¶ 19.) This case has a rather complex procedural history, most of which is relevant to the Motion currently before the Court.

1

Summons was issued as to all defendants on August 17, 2010.  (D.E. # 3-10.)  After Plaintiff filed a Response to the City of Memphis' Motion to Dismiss on October 11, 2010 (D.E. # 13), no activity was taken until the Court issued an Order to Show Cause on February 1, 2011. (D.E. # 14.)  That same day, summons was returned executed as to Defendant and Visions. (D.E. # 15-16.)  On February 26, 2011, summons was returned unexecuted as to defendant Maria Lopez, who is Defendant's wife.  (D.E. # 21.)

After one failed attempt, Plaintiff motioned for entry of default as to Defendant and Visions on March 16, 2011.  (D.E. # 28.)  The clerk entered default on March 17, 2011 (D.E. # 29), and Plaintiff filed his Second Motion for Default Judgment (D.E. # 31) on May 13, 2011. On May 17, 2011, the Court granted Plaintiff's Motion for Default Judgment as to Visions and Defendant.  (D.E. # 32.)  The Court held a hearing on Plaintiff's damages on June 20, 2011, and in its July 29, 2011 Order on Damages, the Court awarded Plaintiff $270,000 in damages and directed the Clerk of Court to enter judgment in Plaintiff's favor for that amount.  (D.E. # 35.)

Following the entry of this Order, Plaintiff filed three Applications for Writ of Execution Garnishment (D.E. # 38-40) on August 31, 2011.  But on September 2, 2011, the Court entered Judgment (D.E. # 41), and Plaintiff filed a Notice of Eratta and withdrew the Writs of Execution Garnishment.  (D.E. # 42.)  On September 30, 2011, Writs of Garnishment were issued as to three banks: First Tennessee Bank, Bank of America, and Regions Bank.  (D.E. # 43.)

On November 7, 2011, Defendant first appeared before the Court.  He filed an Answer to the Writ of Garnishment (D.E. # 44) stating that he was served with the Writ of Garnishment on October 28, 2011, but he denied that he held wages or property subject to the order of garnishment.  Instead, Defendant stated that he had an objection to Plaintiff's right to garnish

because he was "never given a chance to answer. [The] insurance never let me [know] that they were not taking the case."  Ten days later, on November 17, 2011, Defendant filed the Motion now before the Court.

## ANALYSIS

Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)") provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [because] the judgment is void."  A judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."[1]  One denial of due process under Rule 60(b)(4) is improper service of process; accordingly, "if service of process is not proper, the judgment is void, and the court must set aside [the plaintiff's] default judgment."[2]

Federal Rule of Civil Procedure 4(e)(1) governs the service of process on an individual within a judicial district of the United States:

> [u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . [or] delivering a copy of the summons and of the complaint to the individual personally.

Courts examine the "practicalities of the particular fact situation" to determine whether service meets the requirements of Rule 4(e)(1).[3]  Additionally, a court in the Northern District of Ohio

---

[1]      *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (quotation omitted).

[2]      *See Jalapeno Prop. Mgmt., L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001).

[3]      *Franklin Am., Inc. v. Franklin Cast Products, Inc.*, 94 F.R.D. 645, 647 (E.D. Mich. 1982).

noted that "[a] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence," such as a sworn affidavit denying receipt of service.[4]

In his Motion, Defendant argues that he was not personally served with the Summons and Complaint because he and his wife lived in the same residence, and she had not been personally served with the Summons and Complaint. Defendant's logic appears to be that if his wife "was not found at her parents' house, neither could [he] have been found there." Citing to Federal Rule of Civil Procedure 60(b)(4), Defendant avers that the default judgment is void because of improper service. He requests the Court to set aside the Default Judgment and the Writ of Garnishment.

In response, Plaintiff points out that Defendant and Visions were personally served with process on August 25, 2010. Plaintiff also submits that Defendant and his wife purchased a house in Olive Branch, Mississippi, on September 15, 2010, prior to the Shelby County Sheriff's Office's November 17, 2010, determination that his wife could not be found in Shelby County. Furthermore, Plaintiff asserts that, based on his statements in his Answer to the Writ of Garnishment, Defendant was on actual notice of the lawsuit. Plaintiff also cites a student loan bankruptcy case, *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367 (2010), for the proposition that "Rule 60(b)(4) was unavailable to a party on actual notice who fails to raise

---

[4]      *Perfect Score Co., Inc. v. Miller*, No. , 2011 WL 45470742, at *3 (N.D. Ohio Sept. 29, 2011) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)).

objections before the appeal time expires."[5]  Thus, Plaintiff avers that Defendant's contentions that he was unaware of the lawsuit until November 6, 2011, "are contradicted by his own admissions, his own conduct, the Court's previous findings, and the record before the Court."

The Court finds the record in this case, rather than Defendant's convoluted logic, to be persuasive.  The record reflects that summons was returned executed on Defendant on February 1, 2011, and service of the summons and Complaint took place on August 25, 2010. Additionally, the return of service reflects that the summons was served personally on Defendant.  Therefore, the Court finds that Defendant was personally served, and he has provided no sworn testimony to the contrary.  Moreover, in his Answer of the Garnishee, Defendant's statement that he "was never given a chance to answer" due to his insurance company's failure to let him know that it was not taking the case indicates that he had knowledge of the lawsuit.  The combination of his actual notice and knowledge of the lawsuit and the record's indication of personal service on Defendant lead the Court to find that service was proper under Rule 4(e)(1) and that relief from the default judgment is unwarranted. Therefore, Defendant's Motion is **DENIED**.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion for Relief from Default Judgment is **DENIED**.

**IT IS SO ORDERED.**

---

[5]  For a thorough analysis of *Espinosa* and its holding, see Dorothea K. Thompson, *Bankruptcy Law—Dischargeability of Student Loan Debt—Application of Federal Rule of Civil Procedure 60(b)(4) to Discharge-by-Declaration Provisions*, 78 Tenn. L. Rev. 287 (2010).er

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 12th, 2011.